## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ROSA CHAVIRA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: CIV-14-718-D |
| | ) | |
| EPWORTH VILLA, and | ) | |
| | ) | |
| CENTRAL OKLAHOMA UNITED | ) | |
| METHODIST RETIREMENT | ) | |
| FACILITY, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW, Plaintiff Rosa Chavira, by and through counsel, Brice W. Bisel, OBA #30986, Raymond E. Tompkins, OBA #9058, and Katherine R. Mazaheri, OBA #21746, and hereby complains against the Defendants Epworth Villa and Central Oklahoma United Methodist Retirement Facility, Inc. as follows:

### NATURE OF THE CASE

1. Plaintiff alleges claims pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et. *seq* ("Title VII") for discrimination based upon her national origin that resulted in discriminatory treatment, a hostile work environment, and a suspension from employment. Plaintiff also alleges illegal retaliation in violation of Title VII. Plaintiff also brings state law causes of action for illegal discrimination based upon national origin in violation of the Oklahoma

Anti-Discrimination Act ("OADA"), 25 O.S. §1101 *et. seq*. Plaintiff also alleges a claim of illegal retaliation in violation of the OADA.

## JURISDICTION AND VENUE

2.  The jurisdiction of this Court is invoked pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §§ 1331 and 1343. Plaintiff also brings pendant state law claims under 25 O.S. §1101 *et. seq*. This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. §1367(a).

3.  Venue in this district is proper pursuant to 28 U.S.C. §§1391 (b) and (c), because Defendants operate in this district and the unlawful conduct giving rise to the claims occurred in this district.

4.  Declaratory, injunctive, and equitable relief is sought pursuant to 28 U.S.C. §§2201 and 2202, and 42 U.S.C. §2000e-5(g). Compensatory and punitive damages are sought pursuant to 42 U.S.C. §1981a.

5.  Costs and attorneys' fees may be awarded pursuant to 42 U.S.C. §2000e-5, Fed. R. Civ. P. 54, and 12 O.S. 696.4.

6.  This action properly lies in the District Court for the Western District of Oklahoma, pursuant to 28 U.S.C. §1391(b) because the claim arose in this district, and pursuant to 42 U.S.C. §2000e-(f)(3) because the unlawful employment practices arose in this district.

**PARTIES**

7. Plaintiff, Rosa Chavira, is an individual citizen and resident of the United States and the State of Oklahoma. At all times relevant herein, Plaintiff was a resident of the State of Oklahoma.

8. Plaintiff is an employee of Defendants Epworth Villa and Central Oklahoma United Methodist Retirement Facility, Inc.

9. Defendant Central Oklahoma United Methodist Retirement Facility Inc. is a domestic not for-profit corporation believed to be operating in locations throughout Oklahoma.

10. Defendant Epworth Villa is the registered trade name of Defendant United Methodist Retirement Facility Inc. and the name of the facility in Oklahoma City at which Plaintiff is employed.

**CONDITIONS PRECEDENT**

11. Plaintiff Rosa Chavira timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Oklahoma Human Rights Commission/Oklahoma Attorney General's Office of Civil Rights Enforcement in April 21, 2014. The EEOC charge number is: 564-2014-00799.

12. On April 21, 2014, the EEOC issued a Notice of Right to Suit.

13. This lawsuit is filed within ninety (90) days of the receipt of Plaintiff's right to suit letters.

14. Plaintiff has exhausted all administrative remedies under state and federal law.

## GENERAL ALLEGATIONS

15. Plaintiff has been employed by Defendants since June 1999.

16. Plaintiff is a 56 year old female of Mexican national origin.

17. Plaintiff is bi-lingual and speaks Spanish and English fluently.

18. Plaintiff has been employed in housekeeping since the beginning of her employment with Defendants.

19. At all times pertinent hereto, Plaintiff was qualified for the position occupied and performed all work-related duties competently.

20. A large number of Plaintiff's co-workers in housekeeping are bi-lingual, with several of these employees speaking little to no English.

21. Defendant Epworth Villa's most recent (February 2013) employee handbook contains the following language:

    a. <u>English is the official language of Epworth Villa</u>. Epworth Villa employs a number of employees who speak a variety of languages. Each language represents and different culture and together, those cultures make a wonderful diverse culture for Epworth Villa. Communication at work is very important; therefore, Epworth Villa has adopted English as the official language to be used by all staff while on the clock. Epworth Villa asks all employees to use English to communicate to residents, residents' family members, and to co-workers while engaged in their work at Epworth Villa. (emphasis/underlining in the original)

22. At all times when communicating with residents and/or family members of residents of the facility, Plaintiff has communicated in English.

23. On March 19, 2014, Plaintiff's supervisor suspended her without pay for three (3) days for responding to a co-worker in Spanish. Such co-worker does not speak English and simply had asked Plaintiff a question.

24. This same supervisor has since attempted to bait Plaintiff into further disciplinary action by asking her to translate for fellow employees.

25. Plaintiff protested such suspension and began receiving retaliatory treatment from her supervisor.

26. This supervisor closely monitored every move of Plaintiff and also suspended her from employment on April 21, 2014 for allegedly using the wrong cleaning chemicals.

27. This supervisor has also acted to separate Plaintiff from her Spanish-speaking co-workers by changing their lunch breaks so that they are not able to take their lunch breaks together.

28. This supervisor has also terminated, suspended, and harassed other Spanish-speaking and Hispanic employees.

29. Defendants' "English-Only" policy is illegal discrimination based upon Plaintiff's national origin, as it serves no legitimate business purpose and is not limited only to dealings with residents at the facility, instead barring employees from speaking their native language at any time while on the premises.

30. Such discriminatory policy remains in effect and Plaintiff suffers from continued fears of further retaliation, discrimination and/or harassment due to the presence of such policy and previous disciplinary action against her.

31. No reasons have been given for Defendants' illegal conduct.

32. Adverse actions taken against Plaintiff were motivated by one or more of the following impermissible factors: Plaintiff's national origin, age and/or in retaliation for her complaints, all in clear violation of Title VII, 42 U.S.C. §2000e *et. seq.*

33. As a result of Defendants' actions, Plaintiff has sustained the following damages/injuries: loss of wages, loss of seniority, and has continues to work in a hostile work environment. Plaintiff has also suffered consequential and compensatory damages including, but not limited to: those for humiliation, loss of dignity, loss of enjoyment of life, worry, stress, and anxiety.

34. As a result of Defendants' actions, Plaintiff has been damages well in excess of $10,000.00.

35. Add adverse actions taken by Defendants against Plaintiff were intentional, willful, malicious, and/or with reckless disregard for the legal rights of Plaintiff.

## <u>COUNT ONE</u>
## ILLEGAL DISCRIMINATION BASED UPON NATIONAL ORIGIN IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §2000E-1 *et seq.*

36. Plaintiff reasserts and incorporates by reference paragraphs 1-35as set forth above as if fully restated herein.

37. At all times while employed with Defendant, this "English-only" policy has caused great embarrassment for Plaintiff and her Spanish-speaking co-workers, creating a hostile and burdensome working environment.

38. Such policy interferes with the Plaintiff's ability to effectively communicate with her co-workers.

39. This policy prevents, without reason, Plaintiff from speaking her native language at all times while at work, regardless of the circumstances surrounding her usage of the language.

40. Such a sweeping discriminatory policy violated Title VII of the Civil Rights Act of 1964.

41. Defendant's multiple disciplinary actions against Plaintiff based upon this policy as well as the other instances of discrimination against persons of Hispanic national origin are in violation of Title VII.

42. Defendant's willful and malicious conduct as described above is in clear violation of Title VII of the Civil Rights Act of 1964.

43. Plaintiff's national origin, Mexican, was a motivating factor in Defendant's adverse employment actions as described above. Defendants violated Plaintiff's rights under Title VII by taking such adverse actions.

44. As a result of Defendant's illegal conduct, Plaintiff has suffered the damages described in paragraphs 33-35.

45. Plaintiff is entitled to and seeks all legal and equitable remedies provided to a prevailing Plaintiff under Title VII, including, without limitation: back pay, front

pay, compensatory damages, punitive damages, and any appropriate declaratory and/or injunctive relief.

46. Plaintiff is also entitled, under 42 U.S.C. §2000e-5(k), to recover attorney fees and costs incurred in pursuing this claim.

## COUNT TWO
## ILLEGAL DISCRIMINATION BASED UPON RACE/NATIONAL ORIGIN IN VIOLATION OF THE OKLAHOMA ANTI-DISCRIMINATION ACT, 25 O.S. §1101 *et seq.*

47. Plaintiff reasserts and incorporates by reference paragraphs 1-46 as set forth above as if fully restated herein.

48. At all times while employed with Defendant, Plaintiff has been qualified for the position she held and had been performing satisfactorily.

49. Defendant's willful and malicious conduct as described above is in clear violation of OADA.

50. Plaintiff's national origin, Mexican, was a motivating factor in Defendant's adverse employment actions as described above. Defendants violated Plaintiff's rights under the OADA by taking such adverse actions.

51. As a result of Defendant's illegal conduct, Plaintiff has suffered the damages described in paragraphs 34-36.

52. Plaintiff is entitled to and seeks all legal and equitable remedies provided to a prevailing Plaintiff under OADA, including, without limitation: back pay, front pay and liquidated damages.

53. Plaintiff is also entitled, under 25 O.S. §1350(H), to recover attorney fees and costs incurred in pursuing this claim.

## COUNT THREE
### ILLEGAL RETALIATION FOR PROTECTED ACTIVITY IN VIOLATION OF TITLE VII, 42 U.S.C. §2000e et seq. and  the OADA, 25 O.S. §1101 *et seq*.

54. Plaintiff reasserts and incorporates by reference paragraphs 1-53 as set forth above as if fully restated herein.

55. 42 U.S.C. §2000e-3(a) makes it illegal to retaliate against an "individual [who] has opposed any act or practice made unlawful by this Act or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this Act."

56. 25 O.S. §1601 also prohibits such retaliatory conduct.

57. Plaintiff clearly opposed the illegal harassment, discrimination, and retaliation when she complained to her supervisors and human resources regarding her suspensions and filed a charge of discrimination with the EEOC.

58. Such opposition and participation is clearly protected activity as defined by Title VII, and the OADA.

59. The actions taken against Plaintiff following her protected activity in opposition to Defendant's illegal conduct, including, but not limited to: continued harassment, unjustified discipline, failure to promote, failure to allow overtime hours, differential treatment, and ultimately her termination are all retaliatory actions designed to prevent her from exercising her rights under Title VII and the OADA.

60. Such conduct is clearly in violation of Title VII and the OADA, each of which contain provisions prohibiting such conduct.

61. As a result of Defendant's retaliatory conduct, Plaintiff has suffered the losses and damages described in paragraphs 34-36 above.

62. Plaintiff is entitled to and seeks all legal and equitable remedies available to a prevailing Plaintiff under Title VII and the OADA, including, without limitation: back pay, front pay, compensatory damages, liquidated damages, punitive damages, and any and all appropriate declaratory and injunctive relief.

63. Plaintiff is also entitled, under 42 U.S.C. §2000e-5(k) and 25 O.S. §1350(H), to recover attorney fees and costs incurred in pursuing this claim.

## PRAYER FOR RELIEF

WHEREFORE, it is respectfully prayed that this Court grant to Plaintiff the following relief:

a. Back pay, in amounts to be determined at trial;

b. Front pay, in amounts to be determined at trial;

c. Punitive damages, in amounts to be determined at trial;

d. Compensatory and consequential damages, in amounts to be determined at trial;

e. Liquidated damages in amounts to be determined at trial;

f. Injunctive and/or declaratory relief;

g. Pre-judgment and post-judgment interest at the highest lawful rate;

h. Attorneys' fees and costs of this action, including any expert witness fees, as appropriate;

i.  That Defendants be enjoined and restrained from engaging in further

discriminatory and retaliatory conduct; and

j.  Any such further relief as justice allows.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury of all issues triable by jury under Oklahoma

and Federal law.

Dated: <u>07/09/2014</u>

Respectfully Submitted,

<u>s/Brice W. Bisel</u>
Brice W. Bisel, OBA #30986
Raymond E. Tompkins, OBA #9058
Katherine R. Mazaheri, OBA #21746
Mazaheri Law Firm, PLLC
3445 W. Memorial Rd., Ste. H
Oklahoma City, OK 73134
Telephone: (405)414-2222
Facsimile: (405)607-4358
brice@mazaherilaw.com
ray@mazaherilaw.com
katherine@mazaherilaw.com
*Attorneys for Plaintiff*

**ATTORNEY'S LIEN CLAIMED**